Rios, J.,
dissents and votes to reverse the judgment in the following memorandum. A loving mother of advanced age in ill health donated to her son and his wife $24,500 to be used to purchase a new home. It was understood by all that the donor would reside with the recipients of the gift and their children once the house was purchased.
Within one week of the closing of title, and before anyone *72 took occupancy, the donor’s son committed suicide inside the newly acquired property. Stunned by the death, neither the donor nor her son’s widow took occupancy of the premises. Thereafter, the widow sold the property and refused to return the $24,500 gift.
I find that the tenets of equity discussed in the majority opinion compel reversal of the dismissal of the complaint. The 76-year-old plaintiff’s testimony established that the transfer of funds by her was a gift for the purpose of the purchase of a house that had a stairlift to accommodate her disabilities, so that she could reside there with her son, daughter-in-law and grandchildren. The plaintiff participated in selecting a suitable house and essentially had a veto power with respect to the choice of the premises. After the plaintiff’s son committed suicide, the defendant sold the house, thereby defeating the plaintiff’s original expectation that she would reside with family members in a house that was commodious to her physical limitations.
Whether the plaintiff had an opportunity to make a reasoned decision relinquishing her right to reside in the house was an issue for the jury. It was only at the funeral of her son that the plaintiff was asked by the defendant to make a choice. The plaintiff testified that the defendant did not advise her in advance of the sale and that she only learned of that event “through word of mouth.”
In view of the testimony adduced at the trial, a question of fact was presented for resolution by the jury as to whether the proof adequately established the plaintiff’s claim that the defendant’s retention of the monies constituted unjust enrichment.
In light of the foregoing, the judgment should be reversed and a new trial granted.
Scholnick, P.J., and Aronin, J., concur; Rios, J., dissents in a separate memorandum.